THE CONJUGAL PARTNERSHIP CONSTITUTED BY AMELIA DE JESÚS and JAIME AMADOR, Plaintiff and Appellee, v. SILVESTRE MARTÍNEZ, d/b/a PAN AMERICAN MOTORS and JOSÉ CUBANO, Defendants and Appellants.

No. R-70-254.  Decided April 13, 1971.

*Pedro Pérez Rodríguez* for appellants. *Guillermo Bauzá, Carlos Bauzá, Otto Bauzá,* and *M. Bauzá Rolón* for appellee.

PER CURIAM: The Conjugal Partnership Amador de Jesús filed a complaint for damages before the Superior Court, San Juan Part, against Silvestre Martínez, d.b.a. Pan American Motors and José Cubano.

Defendants were summoned and appeared represented by Mr. José Juan Rodríguez, attorney from Manatí. After certain procedural incidents, defendants answered the complaint through their aforementioned attorney. On May 4, 1967, Mr. José Juan Rodríguez filed a motion waiving defendants' representation. On December 19, 1967, the trial court entered an order accepting the waiver of representation and granting defendants 30 days to announce their new legal representation, a thing which they did not do.

Subsequent to that order, the court's clerk sent several notices of incidents in the action to Mr. José Juan Rodríguez and plaintiffs' counsel did the same, as if said attorney continued being defendants' attorney and notwithstanding the court's order accepting his waiver of representation. None of those notices were sent to defendants, whose personal addresses appear in the record. Among those notices there are several setting the hearing of the case on the merits, the last of them for February 12, 1970. It does not appear from the record that those settings have been notified to defendants neither by the court's clerk nor by plaintiffs' attorney nor by attorney Rodríguez.

It does appear that notice was served on only one of the defendants. Silvestre Martínez, by the court's clerk, but not at his personal address but through Mr. José Rodríguez.

On February 12 the hearing of the case on the merits was held in the absence of defendants.

On April 10, 1970, the court rendered judgment ordering defendants to pay plaintiffs the amount of $5,500 and to

return to them the motor vehicle described in the complaint, with costs and $300 as attorney's fees.

This judgment was notified on April 14, 1970, to Mr. José Rodríguez. Defendants were not notified.

On May 13 of the same year, defendants appeared represented by attorney Pedro Pérez Rodríguez and requested the court by means of a motion to set aside the judgment rendered and to set a new hearing of the case on its merits. In support of their motion they alleged ignorance of the setting made by the court.

In opposition plaintiffs alleged that many notices had been sent to the same address and had not been returned. However what appears from the record is that those notices were addressed to the attorney who originally represented defendants but that on the date of the notices this relationship did not exist between them any longer.

Codefendant José Cubano was not even notified about the setting and the judgment through attorney Rodríguez.

Despite the entries in the record the court entered order on June 30 denying defendants' motion to set aside the judgment. Subsequently defendants filed another motion requesting the same remedy and it was also denied. We agreed to review those orders.

■ The facts in this case present a proper situation for the trial court, applying the provisions of Rule 49.2 of the Rules of Civil Procedure, to relieve defendants from the effects of the judgment, setting it aside and ordering a new setting of the case for its hearing on the merits.

■ Rule 65.3 provides that immediately upon the entry in the record of copy of an order or judgment, the clerk shall serve notice thereof by mail on all parties affected by the order or judgment in the manner provided by Rule 67. The order setting the case for hearing as well as the judgment rendered should have been notified to defendants themselves

since they were no longer represented in the suit by an attorney.

■ The notice of motions, orders, judgments, etc., is generally served on the attorney of the party to be notified but when that party does not appear by means of an attorney, or as in this case, having appeared by means of an attorney, it dispenses with his services during the prosecution of the action, the notice of all the motions and orders of the court should be served on the party itself. See, Rules 65.3 and 67.2 of the Rules of Civil Procedure. Otherwise, that party can be deprived of its day in court, and as a result, of its property, by the execution of an adverse judgment, without the due process of law.

For the reasons stated the orders entered by the San Juan Part of the Superior Court on June 30 and August 17, 1970, are reversed, the judgment rendered by said court on April 10, 1970, is set aside, and a new setting for the hearing of the case on the merits is ordered.